Judge Greenaway, which case did you just call? Taha. Okay. Am I pronouncing it right? T-A-U-B-I-H-A T-A-H-A Oh yeah, excuse me. Okay, it's Taha. Correct. Taha versus CountyofBucks. Correct. Good morning, your honors. May it please the court, Burt Rublin on behalf of the appellants, CountyofBucks and Bucks County Correctional Facility. With the court's permission, I'd like to reserve five minutes for rebuttal. Yes, that's fine. Go ahead, sir. The district court's decision to certify a punitive damages only class on behalf of 66,800 persons seeking a minimum of $66.8 million and a maximum of $668 million in punitive damages that would ultimately be satisfied by the taxpayers of Bucks County is truly unprecedented in many respects and should be reversed by this court for a number of independent reasons. Wasn't the district court only applying what the Pennsylvania legislature decided to do? Should there be a violation of the statute that the district court found your client violated? Isn't all this is doing is actualizing what the legislature intended? No, the legislature did not intend in section 9183B2 to allow for the imposition of punitive damages in the absence of any compensatory damages. Well, the elements of a violation of this particular statute does not require proof of damages. The damage component you're speaking of comes in the remedy provision and the legislature identified two different types of remedies, correct? Compensatories for actual and punitive damages or exemplary damages, correct? Correct. But Judge Schwartz, let's take a look at when this statute was enacted. It was enacted in 1978. It was reenacted in 1979. Even the plaintiff does not argue that the law at that time in Pennsylvania allowed for the imposition of punitive damages in the absence of compensatory damages. The district court and the plaintiffs have relied on a 1989 opinion by the Pennsylvania Supreme Court in Kirkbride v. Lisbon Contractors. DICTA, that case dealt with the reasonable relationship rule. But they rely on that case for the proposition that under Pennsylvania law punitive damages can be imposed in the absence of any compensatory damages. Well, even the Pennsylvania jury instruction on punitive damages allows that and other types of causes of action allow it if the cause of action doesn't require damages as an element. As we pointed out in our brief, Your Honor, the standard jury instructions are merely advisory and there are controlling decisions by the Pennsylvania Superior Court post-Kirkbride. There's the Tunis Brothers v. Ford Motor decision by this court in 1991, which was two years after the DICTA in Kirkbride, which set forth the proposition that under Pennsylvania law, going back to the Hilbert case in 1959, you cannot have punitive damages in the absence of compensatory damages. But tell me whether in Tunis the cause of action included elements that you needed to prove damages, like a traditional tort. You need to prove approximate cause and damages. Isn't that what makes those cases distinguishable from this circumstance where damages is not an element of the cause of action? Well, I would respectfully disagree with the notion that damages are not a part of the cause of action here. Isn't this really a strict liability statute? I mean, if the information is relayed to a party outside of the parameters of the statute, it's a violation. And then the question is only, what are the appropriate damages? When you're saying strict liability, the answer is yes. If there is a release of criminal history record information in violation of section 9121, that may constitute a violation of 9121. But in terms of damages, just as the Supreme Court in interpreting the Federal Privacy Act in FAA v. Cooper, emphasized that the term actual damages in that case under the Federal Privacy Act had to be construed to require pecuniary harm. Likewise, in this case, the legislature was very intentional when it drafted this statute to cabin, just as the Supreme Court said in the FAA v. Cooper case, to cabin not to maximize damages. And it did it in three different ways. Number one, it specifically required that only persons who were aggrieved by the violation could bring an action for damages under section 9183b2. Number two, it used a very unusual term, Your Honors. It said actual and real damages. There's only one other statute in Pennsylvania that uses that term. And that's in a separate sentence from the other damages that shall be imposed. And shall is the Pennsylvania legislature's language, and it says exemplary impunitives. So it separates them. It doesn't make them contingent on each other. It does not make them disjunctive either, Your Honor. It does not say in the alternative, if you cannot prove the actual and real damages, you may nonetheless obtain punitive damages. And, again, it would have been very easy for the legislature to say, had it been their intent, to open up the treasury of every municipality and county to allow for punitive damages to impose against government agencies, which is in contravention of the historical presumption against allowing punitive damages against governmental bodies. The legislature could have said, you can get actual and real damages, and or you may get punitive damages in the absence of compensatory damages. Again, I want to emphasize, Your Honors, that the lay of the land in 1978 and 1979, when the statute was first enacted in 1978, re-enacted in 1979, it's undisputed that the law in Pennsylvania, going back to the 1959 decision in Hilbert, was you cannot get punitive damages in the absence of compensatory damages. Presumably, had the legislature intended to allow punitive damages in the absence of any actual and real damages, it would have said so. This would have been a unique statute. I'm not aware of any other. Let me ask you this, Counselor. In a case in which there's no real damages in the sense of a lot of money, wouldn't the court, the trial of the fact, now this case got decided on summary judgment, so it didn't go to a jury and it didn't go to the judge as a trial of the fact after a bench trial, but wouldn't the court have a judgment if it found no damages, phenomenal damages? Suppose the court said, well, I awarded nominal damages. Now, I'm not talking punitive. I awarded damages of a dollar. Now, in that case, and if there had been a trial and then there had been punitive damages, could the punitive damages attach to the nominal damages? Well, in this statute, there is a floor of $1,000 and there's a ceiling of $10,000. And I would suggest, Your Honors, that, again, by imposing a ceiling of $10,000, in addition to the use of the term actual and real damages, in addition to the use of the term aggrieved, the legislature was very clearly trying to cabin the punitive damages or actual damages that could be recovered here. Because what we're talking about in the context of this statute and the release of criminal history record information is intangible harm. And just as in the FAA versus Cooper case where the plaintiff's HIV status was disclosed and in an earlier Privacy Act case where the Supreme Court said that intangible harm was not enough under the Privacy Act, the statute did not contemplate the allowance of punitive damages, which are substantial. We're talking about $1,000 as a minimum, $10,000 as a maximum. So that means the answer to Judge Greenberg's question from your perspective is no. With nominal damages of $1 awarded and a finding of a violation, punitive damages could not be ordered. That's correct. And that gets me to another issue that I haven't had a chance to... So that means, in your view, the way you view the statute is, if there isn't a finding of at least damages of $1,000, punitive damages are not recovered. No, the compensatory damages have a floor of $100. So if there's... Whatever. Okay. I think you said $1,000 and $10,000 before. But our position is that as a threshold matter, consistent with Pennsylvania law but in this statute, you have to have at least some actual damages, actual and real damages, as a prerequisite to get punitive damages. In this case, we've got a plaintiff who has no economic injury, therefore is not entitled to recover compensatory damages, and it's our position that under the statute, this is not a statute that allows punitive damages in the absence of compensatory damages. There's another issue, putting aside the damages for a minute, another dispositive issue, which is predominance, which I haven't had a chance to address yet. That's a good one, but I don't want to talk about that now. Okay. Let's talk about one-way intervention. I know that was argued in the briefs. What role does that play here? Why couldn't this issue have been raised below? Your Honor, we were not given, nor was the plaintiff given, any notice by the court as to how she intended to proceed with respect to the pending motion. But you brought the motion for reconsideration. So why couldn't you have argued or submitted something saying, listen, before you rule on liability, you want to rule on whether there's a class action? Because you sat there knowing that you couldn't know which way the court would proceed, but you didn't ask the court to proceed on the class action question first. You just left it up to the court. So that's the way the court did it. I can understand that. Your Honor, alluding to your comments in the previous argument with the benefit of hindsight, perhaps that's what we ought to have done. Aren't there three instances that you could have intervened? You could have, as Judge Greenberg just mentioned, said that before the court made any rulings. Then once there was a ruling on liability, you could have done something then and said, You know, Your Honor, you ruled on liability. It's premature. This is why. And then after the ruling on liability, after the ruling on class certification, Judge Schwartz just alluded to the fact that there's a motion for reconsideration. This issue wasn't raised. You could have brought it up then. So if there are three instances when you could have brought it up and you haven't taken the opportunity to bring it up, why shouldn't we say it's waived? Well, the court has said on several occasions that where there's a pure issue of law and the resolution of that issue is clear and there would either be an injustice or the issue is one of public importance that the court can consider the issue, notwithstanding the fact it was not raised below. Can I also, I mean, sort of a related point is I did not see any deadline to file a motion for summary judgment in the scheduling order in the district court. There was a decision to file that motion for summary judgment while the class certification motion was pending. So isn't that behavior also tantamount to saying we're not going to complain about one-way intervention because we've put ourselves in that posture? By filing that motion, you ask the court to act before it will have done the class certification motion. Absolutely not, Your Honor. It is customary for defendants in class actions to file motions for summary judgment early, even before class certification, and we've cited cases. So that means you're always going to have one-way intervention to argue, no matter what? No, no, no. One-way intervention comes up in the context of summary judgment for a plaintiff. One-way intervention is not raised when a defendant moves for summary judgment. The one-way intervention issue is simply heads you win, heads I win, tails you lose, whether it's summary judgment for the plaintiff. It doesn't arise in the context of a motion for summary judgment by a defendant. We didn't gain any collateral or stock advantage by the granting of summary judgment on our motion with respect to compensatory damages. No putative class members are barred by that, and we were willing to take that risk as many defendants are in class actions because class actions are so inherently expensive. So the answer to your question is we did not waive one-way intervention by moving for summary judgment on our behalf. I understand. Going back to Judge Greenaway's point, though, the sequence where there were multiple opportunities to take action, you're asking us to basically forgive the waiver for interest of justice reasons, essentially. Well, my position is twofold, Your Honor. My position is, number one, given the fact that we did not have advance notice from the court as to the order in which she intended to proceed, as a matter of fact, after the case was reassigned to her. What advance notice would you contemplate? What does a district court judge say? You know, this is how I'm going to do this. The court could have said in a pretrial order that I'm going to consider first summary judgment, the cross motions for summary judgment. And the party who would be injured by the sequence of decisions could have also asked the district court, please withhold ruling on this issue until we decide this other. And again, we all have the benefit of hindsight, but I think our point is that there were opportunities before the district court, even if it weren't that minute that Your Honor ruled, that it could have been raised and it wasn't. Now, I see my red light is on, and I still haven't had a chance to address predominance. If you want me to come back on rebuttal? Say before rebuttal? Yes. I have one question, Counselor. I didn't calculate it. What did you say the potential damages are under this case in terms of money? With respect to the statute, again, following up on the first case high-low, there is a floor of $1,000 per violation. There is a ceiling of $10,000 per violation. There are 66,799 class members, so we are talking about a minimum potential punitive damages liability of $66,799,000 and a maximum liability of $680,000,000 in punitive damages to be paid by the taxpayers of Bucks County. So the difference is between $66,000,000 and $660,000,000. $668,000, Your Honor. $668,000, okay. So, I mean, it's truly Bucks. What I think you're arguing is, my God, this is truly Bucks squad numbers if this is allowed to stand. Well, as Your Honor put it in the first case, the $1,000,000 was big money. This is perhaps bigger money. But I do want to talk about predominance, which is an important issue when I return to the podium. Okay. I don't have any further questions on the record. Very good. Thank you. Good morning, Your Honor. I'm Robert LaRocca for the Mr. Taha and the class. Let me start with this Bucks card number. Judge Biddlestone has made no ruling of any kind, nor has she been asked to, as to how any damages will be calculated. We put in our brief the colloquy that occurred at the class certification stage. The statute says it's $1,000,000 to $10,000,000 per violation. But she said, what's the violation? Maybe there was one violation here when they released the records to the Internet. Maybe you've got plaintiffs. You're looking at a case that's between a total of $1,000,000 and $10,000,000. They suggested in their brief that there might be a cap of $500,000 under the tort claim statute. I mean, I suppose you could always say, oh, they've got the BMW case, and it's going to come back to reasonableness in the end anyway. The point is, there's nothing. Your last case before us was, where was it in the record that this high-low had been? There's nothing in the record at all. He's making a statement that those are the damages, but there's been no determination as to how the punitive damages will be submitted, whether it will be one aggregate number, how it will be decided what a violation is. All of that has to be done in the leading up to the trial. Your adversary was in a case years ago that came from the Virgin Islands, and the court in back heard the question of punitive damages in tobacco cases and whether or not you could go, because I remember whether or not you could go on the basis of each plaintiff getting them, or whether there could only really be one award. And I think we all just, each plaintiff could get them. It's funny, it's so many years ago, I can't remember for sure. But we had such a case, and I can tell you it's important. Before you do that, I wanted to ask you about your response to your adversary's point about, basically, the arguments that go against governmental entities being exposed to punitive damages because it's the taxpayers who pay, not the alleged wrongdoer. What's your view on that? My view, Your Honor, is that the legislature has the decision and the right to decide when municipalities are going to pay. And they have to do it in a targeted way. And Judge Restrepo did a very thorough and careful analysis of why this statute was a decision by the Pennsylvania legislature to impose both exemplary and actual damages on municipalities that violate the statute. The taxpayer rationale comes from cases where they say, well, courts aren't just going to imply willy-nilly in a normal tort case. If you have a bus accident with a SEPTA bus and a car, and it's just a regular tort case, courts aren't going to imply it. But the legislature has the right to structure that in a statute. I'm looking for the site. It's in the Mayor Chu case that we cite, where the Pennsylvania Supreme Court says, of course the legislature has the right to impose damages on municipalities as it sees fit. But I thought the key to Mayor was the distinction between common law punitive damages and, in this case, statutory punitive damages, so that the focus of the amicus and defendances, you know, you can't impose, or it's improper to impose punitive damages on governmental agencies, but that Meyer really says, no, that prohibition to the extent it exists is in common law as opposed to statutory. And that was really the key to Meyer. The limitation is the common law. You're not imposing it under the common law. Right. Exactly. Here's the quote from Meyer. It says, quote, the legislature certainly has the authority to impose punitive sanctions and damages upon its political subdivisions. That's 2004, 2014 Pennsylvania Supreme Court in the Meyer Chu case. So the question is, is it a targeted waiver? Judge Estrepo analyzed the statute at length. He said it was. He didn't reach the second part of the exemplary because it hadn't been raised then, but Judge Pielson just took the next logical step. She said, look at 9181 of the statute. It says any agency that violates any provision of the statute is liable for all of the penalties. Actually, 9181 says penalties, and 9183 sets forth those penalties. So I don't think there's really any reasonable construction of this except that it is a targeted waiver. Can you respond to two of the arguments raised by your adversary, and that is how is it that we can or that theoretically punitive damages can be available when there's no actual injury and the whole notion of whether, in fact, Mr. Taha and others similarly situated are aggrieved? Yes. He makes two arguments. One is that under the statute itself, the structure of the statute, you have to tie actual damages to punitive damages. And Judge Schwartz, as you said, they're independent sentences. They're not conditioned on each other, so it's just a regular reading of the statute. There's no basis to say that one is the precondition of the other. The other argument he says is, oh, well, Pennsylvania common law, at the time they enacted the statute, provided that, but that's not correct. The Lisbon case in 1989 clarified what the Pennsylvania law had always been. The Hilbert was an exceptional case where you had no viable case in which punitive damages could be claimed. In other words, you had no liability case. And there are older Pennsylvania cases that stand for the proposition. Judge Van Arsdale, and this is page 42 of our brief, he cites to a 1952 Pennsylvania Supreme Court case, which says that evidence of injuries, that punitive damages are in no sense compensatory, but purely penal, and you can't put in evidence of harm. So the idea that in 1979, when they enacted the Chitterer statute, that Pennsylvania common law required actual damages for punitives is simply not correct. It's always been the law of Pennsylvania that they were separate and you didn't need them. So is the way that I was posing my questions to your adversary an accurate statement of your understanding of Pennsylvania law, which is if there has to be a liability finding, every element of the underlying cause of action needs to be satisfied, would you also agree that if an element of the cause of action does not include damages, then damages is not required to receive punitive relief? I'm sorry, could you... Let me repeat that again. That was a terrible question. If the cause of action has several elements that include damages, just like a common law tort, duty, breach, proximate cause, and damages, if you don't prove damages, you can't get punitive damages from that tort because you haven't satisfied the elements of the cause of action. Do you agree with that? No, I'm not in Pennsylvania law. I think they're independent. I'm not talking about the damage order. Let's assume we had a common law tort and you have four elements, duty, breach, proximate cause, and damages on the cause of action, and if you don't prove any damages on that common law tort, could you recover punitive damages? Yes. Why? Because that's exactly what the Lisbon case talks about in detail and the Superior Court's Rhodes case that it discusses. It says what you need is liability finding, and if you have a liability finding, then you can have punitive damages. But implicit in a liability finding is that all elements of the cause of action have been satisfied. Is that correct? Well, not. In order to find liability, you have to prove all elements of the cause of action, correct? I'm not sure I'm following. You don't prove. I'm only talking about liability. I'm not talking about remedies. I'm talking about liability. Well, whatever the elements are for liability, you have to satisfy those. You have to prove all of them, correct? Yes, of course. And once you prove all of the elements for liability, then you're entitled to recover whatever damages are available or remedies are available. Is that correct? Yes. Okay. So in this statute, is it your understanding that there is no obligation to prove damages in order to find liability? And that's because it's a separate provision. Yes. And then there are remedies, and there's remedies for actual damages. There's remedies if there's punitives upon a showing of willfulness. I think I'm with you and I agree with you. Okay. Professor, do you agree that your client did not suffer actual damages? We stipulated he did not suffer pecuniary. He didn't lose a job. He didn't suffer employment loss, that kind of economic injury. But the actual damages, you know, pain and suffering and all that. But you assume, you're conceding your client didn't have actual damages. And I've been waiting, I think, for two months for this question. If that's true, why don't we certify the question to the Supreme Court of Pennsylvania as to whether punitive damages are available or whether you can get the damages you're seeking in this action under that statute? Because it's a pure state question then, isn't it? Well, it is a pure state question. You always have that option. Because they might begin to get a little nervous if they thought that there was a lot of money. I mean, I don't have the kind of money that the defendant said, but big, big money that they may take a conservative view on that. I don't know. I also wonder, the other question I had was this. I couldn't understand how, and Judge Greenaway left the appellate to pick this up on the rebuttal, but you won't have a chance to rebut that. So I have to ask this question now then. How can it be that in this case the predominance is for the class treatment rather than individual treatment? And I say that because there are people whose names did appear on that list that you would call actual damages. It's almost guaranteed that somebody didn't get a job, something like that. And how could they not? Why isn't their case separate from your case then? Your Honor, because he cannot, Mr. Taha under the Supreme Court law can't represent those people. They have to be told in the. You shouldn't certify the class. No, no. We're certifying, Judge Beadlestone confronted that, and that's why it's going to be an exemplary only class. The class notice will tell people if you think you have significant actual and real damages like loss of employment, you have the right to and probably want to think very seriously about opting out of the class to pursue those because this class cannot go forward seeking actual and real damages. The class representative has to have the same harm and suffering. Going back to the, I would like to make one point. In the reply brief, and this goes to the actual, whether you need actual for exemplary damages, they rely very heavily on a new case that they cited called HSV Cole. And they cited for the proposition that in punitive damages in Pennsylvania, you have to look at the harm to the individual. And that's an incorrect citation. The case itself only says, it's a Pennsylvania Supreme Court case where it's from 1991, and it only says the assessment of punitive damages are proper when a person's actions are of such outrageous nature as to demonstrate intentional willful or reckless conduct. That's the standard formulation. It does go on to say Pennsylvania has adopted section 908 of the restatement second of torts. And that restatement provision has three things that a jury can look at. The middle one is you can consider the nature and extent of harm to the plaintiff. And they predicated their whole reply brief argument saying, aha, because the restatement says that you can look at that, therefore you have to look at it. But, and this is very important, I'd like to get this in the record, the restatement comment to 908, this is comment C, reads as follows, and I'm quoting. Although it's stated in comment E, the extent of the harm may be considered in determining their amount, it is not essential to the recovery of punitive damages that the plaintiff should have suffered any harm, any harm, either pecuniary or physical. And that's consistent with the Lisbon case. It's consistent with the earlier Pennsylvania Supreme Court case that I cited. They rely on Tunis in 1991 by this court saying, aha, post-Lisbon, this court endorsed it. But when you look at Tunis, it relies on an earlier Third Circuit case called Emmerich, which goes back to Hilbert. And Hilbert is an anomaly, and it was explained by Lisbon. I mean, the Pennsylvania Supreme Court has now made clear its view on that issue. I would like to address the one-way intervention. I would be glad to. I'd like to make four points about it if I can. I think you understand the waiver argument, so I'm going to pass over it. I think once she, even if they were confused, once she ruled on March 28, 2016, on summary judgment, they should have asked for status conference, sent down a letter, had an emergency motion, done something to say, judge, you got the cart before the horse. We think you got the cart before the horse. Let's vacate this one sentence of your order. They move for reconsideration ten days later, and they don't include it in their motion for reconsideration. They show up the class certification hearing two weeks after that. They don't raise it. So Katz v. Carte Blanche says it can be waived. It's discretionary with the defendant, and therefore it can't be a plain error of law, because if something is discretionary, my understanding of this court's jurisprudence is it can't be a plain error of law. Second point is this is not one-way intervention. If you look at the case that they cite, the Supreme Court Utah v. American Pipe, and this is the quote for it. It says it's unfair to allow members of the class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one. The predecessor to 23b-3 had no provision for either notice or deciding who was in the class. You didn't certify a class. And so an individual plaintiff would get a judgment, and then you say, well, who in the world can take advantage of this judgment after the fact? And that was what was unfair about it. Somebody could sit on the sidelines and say, oh, I can do better. I want to intervene and take advantage of that judgment, or I think I'm going to file my own suit because I can do better. That's not our situation. The class is going to be bound and can be bound by an adverse determination here. The jury could come back and say, you know what, we decide this wasn't willful misconduct. And the whole class loses. So there's no, you know, the unfairness of the one-way intervention is not present here. It just isn't one-way intervention to this kind of interlocutory order. The third point I'd like to make is that. . . On one-way intervention? Yeah, on one-way intervention, yes. That if you thought it was a problem, it's easily cured. In researching for the oral argument today, I came across the D.C. Circuit, said, well, cure it by don't saying anything about it in the class notice. That case is Postow v. OBA, and it's 627 F. 2nd, 1370. What was that again, 6 what? 627 F. 2nd, 1370 at page 1383. And the other, the final point I'd like to make very briefly, and I think this is important for you to consider in ruling on this. If you're going to say that a kind of interlocutory order like this, which is basically undisputed. I mean, they don't really dispute liability. They admitted they're not a police department. They admitted that only police can release this kind of. . . I mean, it's almost like stipulated liability. But think of this. In class actions now, particularly under hydrogen peroxide, you have classification almost necessarily coming at the end of the case, after all merits, discovery is over, because the experts need all of that for their reports. In the Modafinil case that both sides have cited, last year's decision by Chief Judge Smith, eight years, the case had gone on eight years before classification was cited. Now, in those eight years, the district court is managing discovery, all the discovery that has to occur. Suppose, for example, a defendant defaults in discovery, and you make a motion under Federal Rule 37 for sanctions. There are a whole panoply of sanctions available. You can preclude defenses. You can enter default judgments. I mean, the district court has a whole array of things. Under their argument, any of those would be one-way intervention, because you're making a ruling that somehow would benefit the plaintiff before class certification. I mean, benefit the plaintiff on the merits. I mean, if you preclude a defense, how is that different from what Judge Beadlestone did here? It's no different. It's the same thing. And so you're going to really be, there's a danger of tying district court judges' hands during the whole time when they're supposed to be supervising discovery if they can't invoke anything under Rule 37. All right. Thank you. Judge Greenberg, do you have anything else for counsel for police? No, I have no other questions. Give me your police. Thank you. Thank you. First off, Mr. LaRocca's comment about us not disputing liability, we obviously do dispute liability. We will raise any issues with respect to liability at the appropriate time. It's not appropriate on this appeal. Secondly, before I get to predominance, I do want to jump back to punitive damages, and Mr. LaRocca commented about Judge Restrepo's decision under the Political Subdivision Tort Claims Act with respect to our initial motion to dismiss. Footnote one of that opinion made very clear, Judge Restrepo was not deciding the punitive damages under the Political Subdivision Tort Claims Act. And I would direct the court to the cases cited at page 38 of our opening brief, which with respect to the Political Subdivision Tort Claims Act, specifically Section 8553C, a number of courts, albeit not the Pennsylvania Supreme Court or this court, but there are a number of Eastern District cases, there's a Commonwealth Court case, which have said that the various damages that the legislature has authorized to be imposed against governmental agencies, because they do not enumerate punitive damages, punitive damages may not be recoverable against a governmental agency under the Political Subdivision Tort Claims Act. There's a clear statement here, isn't there? I mean, I'm looking at footnote 17 of page 38. That's true, and I understand that by analogy you want us to apply that here, but here there's a clear annunciation by the legislature of what its intent is. Well, Ron, I would suggest that neither Section 9121, which is the underlying statute upon which liability is based, makes no reference to punitive damages against a governmental agency. Well, that's because that was just the part of the statute that was telling people how to behave. I mean, these are in a different section. You would agree with that. I would agree with that, Your Honor, but I would also point out, Your Honor, Section 9106, which is what the court cited in her opinion, 9106 actually does have a penalties provision. Well, 9106, though, deals with intelligence information, criminal history information, so it doesn't apply. It doesn't apply. But the point I'm making, Your Honor, is if the legislature specifically intended to impose punitive damages for a violation of 9121, they could have put in 9121 the same penalties provision that they put in 9106, and they didn't do it. I want to talk now about – I just wanted to ask you, sir, what did you think of the point that maybe we want to send this case to the Pennsylvania Supreme Court on some of these questions? Well, that's an interesting proposal, Your Honor, and I would suggest that to the extent that the court has any uncertainty as to what the Supreme Court of Pennsylvania is likely to do, that's a possibility. But let me respectfully suggest that as a threshold matter, this court can decide this case on a federal issue, namely Rule 23b3, predominance. Oh. And there is a good reason that this court, in the more than 50 years since Rule 23 was enacted, has never, not once, ever upheld certification of a punitive damages class. Have we rejected it? Yes, you have. In the school asbestos case. In E-ray asbestos. School asbestos rejected it was a 23b1b case. It's not often I can come before a court, and this court in particular, and say, Your Honors have never done something. Your Honors have never upheld certification of a punitive damages class, and in fact, Your Honors, we've set forth multiple cases from around the country over many, many years, the leading case being Allison v. Sitko Petroleum from the Fifth Circuit, which have consistently recognized that punitive damages necessarily require individualized proof that would entail many trials. But doesn't that do for those cases, a lot of them were arising out of the employment context, a lot of the ones that you identified for us? And isn't this case a little different, and here's what a potential difference is, and tell me why it's not. There's an act that's going to, and when I say act in conduct, there's one piece of action that's going to be reviewed, and that is the posting of this information or release of this information, whatever you want to call it. There's one actor, this entity that did it. Isn't the only question whether that act was done willfully, and isn't all of that a common decision for all of the plaintiffs here as to whether the actor acted willfully when engaging in that conduct? Tell me why that's not a predominant, non-individualized inquiry. That is not a predominant issue because with respect to each class member, there will need to be an individualized determination as to whether or not he or she is entitled to punitive damages. Plaintiff's own brief at page 59 concedes that the compensatory damages and punitive damages provision should be read together. How can that be if in the circumstance that Judge Swartz just outlined, the divulging or dissemination of the information, it's willful, it's this, you know, one finger is pushed, it affects the entire class of people, all of the information that's held by your clients is then released. You know, there's been a determination of willfulness. Why isn't there a commonality among them that would satisfy any of the questions that are raised by predominance? Well, it's no different than in a consumer fraud case. A misrepresentation is made by a defendant. It's one misrepresentation made to the entire class, but in the consumer fraud context or the common law fraud context, this court and many other courts have recognized that notwithstanding that common conduct by the single actor or the single statement or the single misrepresentation, you still need individualized proof as to reliance. In this case, there will need to be individualized proof with respect to each class member as to whether or not he or she sustained actual and real damages, which is a threshold requirement for punitive damages. I see. So your condition is that there's a need for individualized inquiry because from your point of view, to get punitives, you need to show actual. Actual can only be identified by looking at the individual. No, it's twofold. That's part of the equation. Number one is the threshold entitlement to punitive damages, which we say under this statute and under Pennsylvania law generally requires a showing of actual and real damages. Number two is there's a sliding scale. As I said earlier, there's a floor of $1,000. There's a ceiling of $10,000. The plaintiffs have not limited their punitive damages claim to a specific amount. Notwithstanding Mr. LaRocca's effort to walk back the arguments they made below where they repeatedly argued that they were indeed seeking $1,000 to $10,000 for each of the 66,800 class members. And they weren't in a position to say anything other than that, were they? Well, if they wanted to say that there was something different, if they wanted to cabinet, you suggest maybe it's a half a million dollars, maybe it's $10,000. They could stipulate, and I didn't hear Mr. LaRocca stipulate that they were limiting their damages. They have not. But the real important issue for predominance, and the reason that courts have consistently rejected certification of punitive damages claims, is that Pennsylvania law, like the law of many other states, and this court said it twice, in the Donaldson v. Bernstein case, in the Tunis Brothers case, and the Pennsylvania Supreme Court, not only in the SHV Cole case, but in the Kirkbride case that they rely upon. Your Honor pointed to the suggested jury instruction. The suggested jury instruction itself talks about, as an element, one of the three elements that must be considered by a fact finder, is the nature and extent of harm. Now, Community Legal Services points out, Mr. LaRocca pointed out, we indeed might have some class members who were denied a job, or were fired from a job because of the violation of the statute. It seems to me to follow a fortiori that they would have a much more compelling case for a greater punitive damages award than for Mr. Cobb. Yeah, but I thought that what your adversary said was that those potential members of the class would essentially opt out if they had evidence of actual or real damages. He's suggesting that the reality, Your Honor, is we all know who... I said one more.  It's okay. He said that those persons, if they had those kinds of claims, had the opportunity to opt out, because otherwise they wouldn't, based on the formulation of the class, have access to those damages. So why are we talking about those individuals? The likelihood of opt outs, based on experience in this type of case, or many other cases, can be very, very few. And to the extent that people don't opt out, we're going to need a determination for each class member as to the nature and extent of the harm. Some people will have greater harm than others. But the harm is going to be... The individualized harm is going to be irrelevant if I understand the formulation of the class, right? They're not going to be able to come and say, I have suffered actual damages. I was up for a job that would have paid me a million dollars. The potential employer saw this on mugshots.com or whichever one, and told me that specifically for that reason I didn't get it. So, you know, that person is not going to be able to use that potential evidence of actual or real to have a different assessment of punitive damages as to that individual. No, that evidence indeed would be relevant to the amount of harm that they've suffered for purposes of punitive damages. They might not be able to pursue actual and real damages in this case, as this class has been certified. What if your adversary were to stipulate, we're not going to introduce any evidence of individualized impact. We are going to just focus on the conduct of the undefended. Doesn't that resolve any need to have any consideration of individualized impact? And it's not a required consideration. Well, I don't know how... This statute does not contemplate an aggregate punitive damages award. It doesn't talk about class actions, and I'm not suggesting that class actions are precluded. But it provides for a sliding scale of $1,000 to $10,000, and it seems to me that of necessity there will need to be individualized inquiry into the facts and circumstances of each individual's claims. And indeed, whether they sustained actual and real damages, whether they suffered pecuniary harm, may not be germane to a compensatory damages claim that no longer exists in this case, but it will be germane to determining the amount of punitive damages that each individual class member can obtain. I want to focus... One second. Just one second. I have one more question for you. Sure. The statute says these damages are available if the conduct is willful. Willfulness is the focus. So isn't the only focus, and it's a pretty simple question, it's a yes or no, isn't the only focus for the purposes of punitive damages whether or not the actor, the defendant, acted willfully? Isn't that the only focus to satisfy the element of entitlement to punitive damages? It's just a yes or a no. No. Judge Greenberg, do you have any other questions? No, no, no. Okay, thank you so much. Thank you. Judge Greenberg, can we take a short break? Absolutely, we'll take a short break. Okay.